UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| RAYMOND SUERO-PERALTA, ) | | |
| ) | | |
| Petitioner, ) | CASE NO. | C07-850-RSL-MJB |
| ) | | (CR90-57-RSL) |
| v. ) | | |
| ) | | |
| UNITED STATES OF AMERICA, ) | REPORT AND RECOMMENDATION | |
| ) | | |
| Respondent. ) | | |
| _____) | | |

Petitioner Raymond Suero-Peralta is a federal prisoner who is currently incarcerated at the United States Penitentiary in Lompoc, California.  On June 1, 2007, the Court received from petitioner a document entitled "Motion to the Court to Exercise Its Inherent Authority to Dismiss Its Own Judgment as Void and Motion for Declaratory Judgment Under Title 28 U.S.C. § 2201."  Petitioner's motion presents a challenge to the validity of the guilty plea he entered in cause number CR90-57, before the Honorable Carolyn R. Dimmick, United States District Judge, in October 1991.  (*See* Dkt. No. 1.)  Specifically, petitioner asserts that his guilty plea was rendered invalid when Judge Dimmick failed to advise him of the possibility that his federal sentence might run consecutively to a state sentence which had yet to be imposed.  (*Id*.)  Petitioner argues that a consecutive federal

REPORT AND RECOMMENDATION
PAGE - 1

sentence is a direct consequence of a guilty plea entered by a defendant against whom state charges are pending, and that the court had a duty to inform petitioner of these direct consequences.[1]  (Dkt. No. 1.)

On June 28, 2007, this Court received from petitioner an amendment to his original motion (Dkt. No. 5) and, on July 3, 2007, the Court received a letter from petitioner by way of which he sought to clarify his amendment (Dkt. No. 6).  Petitioner does not assert in these documents, as he did in his original motion, that his plea was rendered invalid by Judge Dimmick's failure to advise him of certain direct consequences of his guilty plea.  Instead, petitioner appears to assert that the United States Bureau of Prisons has improperly calculated his current term of imprisonment.

It appears from the record before this Court that petitioner's sentence under cause number CR00-57-RSL has expired.  (CR00-57-RSL, Dkt. No. 228.)  Petitioner identifies no authority which would permit this Court to exercise jurisdiction over petitioner's challenge to the validity of his guilty plea given that the sentence imposed for that offense has long since expired.  To the extent petitioner may seek to challenge the manner in which the Bureau of Prisons has calculated his sentence, petitioner's challenge is properly brought in a petition pursuant to 28 U.S.C. § 2241 and must be addressed to the district court having jurisdiction over petitioner or his custodian.  *See Doganier v. United States*, 914 F.2d 165, 169-70 (9th Cir. 1990).

---

[1] The facts alleged by petitioner in support of his motion indicate that he entered a guilty plea to charges originating in the Los Angeles County Superior Court in July 1990, and that he was transferred into federal custody before sentence was imposed in that case.  (*See* Dkt. No. 1 at 2-3.  Petitioner was sentenced in the California case, in absentia, after he entered his guilty plea and was sentenced in this Court.  (*See id*. at 3-4.)  The sentencing judge in petitioner's California case ordered that his state sentence run concurrent to any federal sentence.  (*Id*. at 20.)

REPORT AND RECOMMENDATION
PAGE - 2

For the foregoing reasons, this Court recommends that petitioner's instant motion be denied and that this action be dismissed with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 20th day of August, 2007.

_____
MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3